(56 Misc. Rep. 125.)

### BRADLEY v. BLUE RIDGE HOSIERY MILL.

(City Court of New York, Special Term. October, 1907.)

1. EXECUTION—VACATING—RECOVERY OF MONEY COLLECTED.
 An execution defendant can recover of plaintiff the amount of money, with interest thereon, taken from its agent under an irregular execution issued and subsequently vacated.

2. SHERIFFS—FEES—POUNDAGE.
 Where a sheriff acted under an execution valid and regular on its face, he is entitled on completion of the service to his poundage, though the execution and process were vacated, such poundage to be paid by the plaintiff in execution.

Action by Gordon B. Bradley against the Blue Ridge Hosiery Mill. Judgment for plaintiff. Motion to compel plaintiff, or sheriff, to refund certain moneys taken on an execution subsequently vacated. Order granted.

J. C. Kadane, for plaintiff.
F. N. Orlando, for defendant.
Maurice B. Blumenthal, for sheriff.

DELEHANTY, J. Upon the conceded facts of this case I am of the opinion that the defendant is entitled to recover, primarily of plaintiff, the amount of money, with legal interest thereon, which was taken from its agent under the irregular execution issued and subsequently vacated herein. If there be any doubt about this, an examination of the statutes and authorities applicable thereto will soon dispel it. See the provisions of law regulating the fees of the sheriff of New York county, viz., Laws of 1890, p. 936, c. 523, as amended by Laws 1892, p. 868, c. 418, § 17, subd. 7; also Campbell v. Cothran, 56 N. Y. 279; Kidd v. Curry, 29 Hun, 215; and on the question of restriction, Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589.

The sheriff having acted under an execution valid and regular on its face, he is entitled, the service having been completed, to his poundage, notwithstanding the judgment and process were vacated. If so entitled to his fees, it follows they must be paid by plaintiff, the party upon whose initiative he made the levy; and it is no answer thereto to say that he is barred of his fees under the execution simply because the warrant of attachment herein is still standing.

I conclude, therefore, that the order of August 9, 1907, should be vacated, and that an order be entered in lieu thereof directing and requiring the plaintiff, or his attorney, to pay over and deliver to W. M. Alling, the person from whom the money was taken under the execution referred to, the sum of $819.05, the amount collected, with interest thereon from the date of such collection, together with $10 costs of this motion; plaintiff to be stayed in the action until compliance therewith.

Ordered accordingly.